Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PATRICK DORIS, Respondent, for Compensation under the Workmen's Compensation Law, v. JAMES BUTLER, INC., Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, December 28, 1921.

**Workmen's Compensation Law — loss of use of thumb cannot be considered as loss of finger within subdivision 3 of § 15 of Workmen's Compensation Law — award for proportionate loss of use of hand reversed and matter remitted for rehearing where evidence is not clear that condition of fingers resulted from injury to thumb or from operation upon it or from accident.**

The loss of the use of a thumb cannot be considered as the loss of a finger within the provision of subdivision 3 of section 15 of the Workmen's Compensation Law which provides that where the injury results in the loss of more than one finger, compensation therefor may be awarded for the proportionate loss of the use of the hand thereby occasioned, etc.

An award for the proportionate loss of the use of a hand based upon injuries to two fingers will be reversed and remitted for further consideration, where it is not clear from the evidence that the claimant suffered injury other than that to the thumb and where the findings are not plain that the condition of the middle fingers resulted from the injury to the thumb, from an operation upon the thumb, or from the accident.

APPEAL by the defendants, James Butler, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 29th day of December, 1920, for the proportionate loss of the use of the left hand.

*Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* with him on the brief], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

PER CURIAM:

It is not clear from the evidence and the findings that the claimant has suffered injury other than that to the thumb and middle fingers. The use of the thumb was substantially lost, but that cannot be considered as the loss of a finger within the provision of subdivision 3 of section 15 of the Workmen's Compensation Law (as amd. by Laws of 1917,

chap. 705), which provides that where the injury results in the loss of more than one finger, compensation therefor may be awarded for the proportionate loss of the use of the hand thereby occasioned, etc.   If, in addition to the injuries to the fingers, it had been found that there was a resulting partial loss of the use of the remainder of the hand, compensation might be awarded therefor, considering all the injuries together. But the evidence is not very satisfactory upon that subject and the determination does not cover it.   The stiffness in the two fingers was first discovered when the claimant returned to work some months after the accident.   The findings do not make it clear that the condition of the fingers resulted from the injury to the thumb, or the operation upon the thumb, or the accident.   The award should, therefore, be reversed and the matter remitted to the Commission for further consideration.

JOHN M. KELLOGG, P. J., WOODWARD, COCHRANE, H. T. KELLOGG and VAN KIRK, JJ., concur.

Award reversed and matter remitted to the Board for further consideration.